**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PLASIDO FUENTES CORDERO,

                    Petitioner,

v.

MARKWAYNE MULLIN, in his official
capacity, Secretary of the U.S. Department of
Homeland Security; TODD BLANCHE, in his
official capacity, Acting Attorney General of
the United States; RODNEY S. SCOTT, in his
official capacity, Commissioner, U.S. Customs
and Border Protection; JUAN DI BELLA, in his
official capacity, Patrol Agent in Charge,
Wellesley Island Border Patrol Station, U.S.
Border Patrol, Buffalo Sector.

                    Respondents.

9:26-cv-1381
(ECC)

---

ASENCION FUENTES CORDERO,

                    Petitioner,

v.

MARKWAYNE MULLIN, in his official
capacity, Secretary of the U.S. Department of
Homeland Security; TODD BLANCHE, in his
official capacity, Acting Attorney General of
the United States; RODNEY S. SCOTT, in his
official capacity, Commissioner, U.S. Customs
and Border Protection; JUAN DI BELLA, in his
official capacity, Patrol Agent in Charge,
Wellesley Island Border Patrol Station, U.S.
Border Patrol, Buffalo Sector.

                    Respondents.

9:26-cv-1382
(ECC)

---

Andrea C. Soto, Esq., *for Petitioner*
Alexis M. Osborne, Asst. U.S. Att'y, *for Respondents*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## DECISION AND ORDER

On July 9, 2026, Petitioners Plasido Fuentes Cordero and Asencion Fuentes Cordero were taken into custody by Immigration and Customs Enforcement (ICE), and on July 15, 2026, they filed Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Plasido Fuentes Cordero, Case No. 9:26-cv-1381 (N.D.N.Y.), Petition (Pet.) ¶ 1, Dkt. No. 1; Asencio Fuentes Cordero, Case No. 9:26-cv-1382 (N.D.N.Y.), Petition (Pet.) ¶ 1, Dkt. No. 1. Petitioners seek (1) an order enjoining Respondents from removing them from the United States, (2) their immediate release or, in the alternative, prompt individualized bond hearings where the Government bears the burden of justifying continued detention; and (3) costs and reasonable attorney's fees as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412.

After considering briefing from the parties, Dkt. Nos. 5 and 6, and arguments made during a hearing on August 5, 2026, the Court found, as Respondents concede, that Petitioners were detained under 8 U.S.C. § 1225(b)(2)(A), and their detention was not lawful under *da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026). In addition, after considering the factors under *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court found that their ongoing detention violates their rights under the Fifth Amendment due process clause.

Regarding the appropriate relief, Respondents concede that Petitioners are entitled to a bond hearing, and the Court concluded that under the circumstance here, the appropriate relief is a prompt bond hearing. Although Respondents represented that "individualized custody determination[s]" before an Immigration Judge would be "forthcoming," Dkt. No. 5, two weeks later, hearings have still not been scheduled.

As a result, the Court issued an oral order granting the Petitions to the extent that the Court

ordered Respondents to provide Petitioners with individualized bond hearings before an immigration judge within seven days of the order at which the government will bear the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk. The Court also ordered that within 48 hours of the bond hearing, Respondents shall file a letter stating the outcome of the hearing. This Decision and Order confirms that oral order.

On a final note, at the hearing Petitioners requested for the first time additional relief: an order directing the immigration judge to consider Petitioners' financial ability to pay in determining the amount of any monetary bond. The Court permitted Petitioners' counsel to file a supplemental letter-brief in support of this request, which counsel filed the same day. Dkt. No. 7. Petitioners cite to several district court decisions both within and outside the circuit ordering new bond hearings where the record suggested that, upon issuing a decision to release a detainee on bond, the immigration judge failed or refused to affirmatively consider the detainee's ability to pay. However, the authority cited in counsel's letter-brief is distinguishable from the circumstances presently before this Court, where Petitioners have not yet received bond hearings. In addition, it is also unclear whether such relief would even be applicable to Petitioners' circumstances. Accordingly, Petitioners' request in this regard is denied without prejudice.

For these reasons, it is

**ORDERED** that the Petitions are **GRANTED** solely to the extent that the Court orders Respondents to provide Petitioners with individualized bond hearings before an immigration judge within seven days of this order, at which the government will bear the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; and it is further

**ORDERED** that within 48 hours of the bond hearing, Respondents shall file a letter stating

the outcome of the hearing; and it is further

**ORDERED** that Petitioners' requests for reasonable attorney's fees and costs under the Equal Access to Justice Act are **DENIED WITH LEAVE TO RENEW** because they are premature, and any request for such fees and costs shall be filed no later than 30 days after the 60-day appeal period runs under Fed. R. App. P. 4(a)(1)(B), and any response is due within 21 days after Petitioner's application is filed.

**IT IS SO ORDERED.**

Dated: August 5, 2026

Elizabeth C. Coombe
U.S. District Judge